UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>GRIZZLY INDUSTRIAL, INC., a Washington corporation; ADJUSTABLE CLAMP COMPANY, an Illinois corporation; U.S. TAPE COMPANY, INC., a Pennsylvania corporation; WOODSTOCK INTERNATIONAL, INC., a Washington corporation; and DOES 1-100,<br><br>Defendants.<br>and related counterclaims. | Civil No.   09cv0531-BTM (CAB)<br><br>**ORDER DENYING MOTION TO SET DEADLINE FOR COMPLETION OF RULE 26(f) CONFERENCE**<br><br>**[Doc. No. 41]** |

Plaintiff filed its complaint for patent infringement on March 17, 2009. [Doc. No. 1.] Three of the four Defendants have already settled, and the only Defendant that remains in the case is U.S. Tape Company, Inc. ("U.S. Tape"). U.S. Tape filed its answer and counterclaim on April 22, 2009. [Doc. No. 19.] Before the Court is Plaintiff's motion requesting the Court set a deadline for completion of the Rule 26(f) conference. [Doc. No. 41.] According to the Patent Local Rules of this Court, an ENE would normally have been scheduled to take place approximately 60 days later after an answer was filed in the case. Under the Patent Local Rules, the Rule 26(f) conference would take place 21 days before the ENE. The patent at-issue, however, is in re-examination proceedings in the Patent Office and all related

cases filed in this district prior to 2009, are subject to a stay. U.S. Tape, the remaining Defendant in this case, has not filed a motion to stay the case. However, due to the stay on the 22 related cases filed before 2009, the Court has determined it would not be appropriate to proceed with an ENE and discovery in this matter in isolation. Under Patent Local Rule 1.3, such determination is within the Court's discretion: "The court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Local Rules based on the court's schedule or the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved." Until the stays are lifted in the related cases, and a comprehensive scheduling order can be entered for these matters, the Court will not enter a scheduling order or initiate discovery in this case. That notwithstanding, if the parties jointly request a conference to discuss settlement, the Court will schedule an ENE. The motion to set a deadline for the Rule 26(f) conference is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 5, 2010

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge